(56 South. 350.)

No. 18,884.

O'CONNOR v. JONES.

In re WESTERN UNION TELEGRAPH CO.,
Garnishee.

(Oct. 16, 1911.)

*(Syllabus by the Court.)*

1. GARNISHMENT (§ 95*)—SERVICE OF PROCESS.

Article 246, Code Prac., provides that garnishment shall be made by personal service, and Act 261 of 1908, and Act 284 of 1908, both

dealing with citation in ordinary suits, have no effect upon the cited article of the Code.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 181–188; Dec. Dig. § 95.*]

2. CORPORATIONS (§ 670*)—SERVICE ON FOREIGN CORPORATION.

In order to bind a foreign corporation in a garnishment process, it is necessary that service should be personally made on an authorized officer or agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2631; Dec. Dig. § 670.*]

Action by Mrs. Mildred M. O'Connor against R. M. Jones. The Western Union Telegraph Company was summoned as garnishee. Judgment for plaintiff, and judgment also against the garnishee. The judgment was affirmed in the Circuit Court of Appeals, and the Western Union Telegraph Company applies for writ of certiorari or of review. Writ of certiorari made perpetual, and judgment reversed and cause remanded.

Henry B. McMurray, for applicant. Woodville & Woodville and Gabriel Fernandez, Jr., for respondents.

BREAUX, C. J. The issue is whether personal service can legally be made on a foreign corporation, sued to hold it as garnishee.

The following is a statement of the pleadings, and of the facts which have given rise to the questions involved:

The Western Union Telegraph Company was condemned in the district court to pay an amount of nineteen dollars and some cents, as garnishee. The district court rendered judgment against the garnishee. As the corporation did not answer the interrogatories, they were taken for confessed.

The judgment was affirmed in the Circuit Court of Appeals.

To have the judgment reviewed, the Western Union Telegraph Company sued for an order nisi, directing the Court of Appeals to send up the papers.

The order nisi was granted, and the cause is now before us on its merits on relator's application.

The Western Union Telegraph Company is a foreign corporation doing business within the limits of this state.

Its agent was T. P. Cummings, who was authorized to represent it in this state.

The writ of garnishment was taken out as an ancillary to the execution of the judgment obtained in the cause before mentioned.

A writ of fieri facias had previously issued under the judgment.

The agent of the company was absent on the day that the sheriff called at the office of the Western Union Telegraph Company to make service of the papers.

He was out of the state at the time.

The sheriff, on account of the absence of this agent, made service of the garnishment by delivering the papers to a clerk of the telegraph company in its office, who thereafter failed to call the attention of the agent to the papers.

The case was twice taken up to the Court of Appeals.

On the first appeal, it appeared that the sheriff had not made a sufficient return.

The appellate court remanded the case in order that the facts of the service might be proven.

After the case had been remanded, evidence was taken, and it was shown that the facts in regard to this service were as above stated; that is, that service had been made on a clerk, instead of on the agent personally, or at his domicile.

On the second appeal, the court condemned the garnishee to pay the amount claimed.

[1] In this court, on the application for a writ of certiorari, the garnishee attacked the judgment obtained by Mrs. O'Connor (plaintiff in the original suit against the telegraph company, as garnishee) on the ground that no personal service, and no service as required by law, was made on the garnishee; that is, the Western Union Telegraph Company.

In accordance with jurisprudence, the answer of the authorized agent of the corporation is binding upon the corporation, and for that reason the authorized officer or agent should be notified.

He should be served, and should be directed to formally answer for his company.

As relates to the service on a clerk, or on any other employé, however irresponsible his occupation, it is sufficient to state that the general statute of 1908 (Act 261) has no application; it relates to citation in ordinary suits, and the purpose does not seem to have been to add anything on the subject of garnishment to the latter law (Act 284) adopted at the same session.

One act relates to citation; the other to process. In neither does it appear that it was the intention to do away with personal service in garnishment proceedings.

A seizure is effected in garnishment proceedings, and the debtor is called upon to pay to another than the original creditor.

It is a special process, not to be taken as changed, unless it is evident that a change was intended.

The question is jurisdictional.

There can be no garnishment without a special law, and here the special law requires personal service.

The garnishee must be cited in accordance with the requirement of the Code of Practice relating to citation in garnishment process, a separate article of the Code from the article relating to citation in ordinary suits, and which cannot be considered repealed, unless it appears that such was the intention.

In a process so important as a seizure and the tying up of a fund, we are not of opinion that it was the purpose to let service be made on any other person in the employ of the corporation than those before referred to; that is, authorized officers and agents.

At any rate, the statute is anything but specific upon the subject, and for that rea-

son we are constrained to the conclusion, in view of its wording, that it does not repeal the article of the Code of Practice upon the subject.

[2] To be specific, service may be made personally on the president of the corporation, or, in his absence from the parish, on the vice president, or, in his absence, or in case of evasion or attempted evasion of either or both of them, on the secretary. Under the language of the statute, service on the latter is personal service.

Our learned Brothers, from different premises, arrived at different conclusions.

We have been impressed by their views; they are persuasive; but, from other premises than theirs, we have endeavored in vain to come to the same conclusion.

Before concluding, in view of the fact that some doubts exist as to whether a corporation can be garnished at all, we will state that in our opinion that it can be brought into court as a garnishee. See Garland (Wolf's) Code of Practice, art. 246, and notes.

For reasons stated, the writ of certiorari is made perpetual. The judgment of the Court of Appeals and the judgment of the district court are annulled, avoided, and reversed, and the cause is remanded to the district court for further proceedings. The plaintiff in the suit and in garnishment process is condemned to pay all costs.